UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIKAS SINGH (A-241-273-324),

Petitioner,

v.

TONYA ANREWS,

Respondent.

Case No.  1:26-cv-0208 DJC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Vikas Singh (A-241-273-324), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment.  (Id. at 6.) For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas

1

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.     DISCUSSION**

On January 12, 2026, petitioner filed his habeas petition, which included a motion for a temporary restraining order.  (ECF No. 1.)  On January 13, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases.  (ECF No. 3 (citing Mariagua v. Chestnut, No. 1:25-cv-01744 DJC CKD (E.D. Cal.); Ortega v. Noem, No. 1:25-cv-01663 DJC CKD  (E.D. Cal.))).  The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a preliminary injunction.  (Id.)  On January 15, 2026, respondents filed a response to the petition and opposition to the motion for a temporary restraining order.  (ECF No. 6.)  In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225.  (Id. at 1-2.)  On January 16, 2026, the district court noted respondents' failure to identify any factual or legal issues in this case that render this case distinct from the cases cited in the January 13, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction.  (ECF No. 8.)  In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include at a minimum, pre-deprivation notice describing the change of circumstance necessitating petitioner's arrest and detention, and a timely hearing.  (Id.)  At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present.  (Id.)   The district court referred this action to the assigned magistrate judge for further

proceedings.  (Id.)

This Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition.  (ECF Nos. 9, 13.)  The parties did not submit any additional briefing, and briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing.  See Mariagua, No. 1:25-cv-01744 DJC CKD; Ortega, No. 1:25-cv-01663 DJC CKD.  As the district court explained in Mariagua and Ortega, the re-detention of an immigration detainee without a hearing violates the Fifth Amendment right to due process.  See 12/11/2025 Order at 5-7, Mariagua, No. 1:25-cv-01744 DJC CKD (ECF No. 11); 12/08/2025 Order at 5-7, Ortega, No. 1:25-cv-01663 DJC CKD (ECF No. 11).

Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) (see ECF No. 10) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified.

**III.   CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re detaining petitioner Vikas Singh (A-241-273-324) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing

3

before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sing208.157.imm/2

4